**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**BOWLING GREEN DIVISION**

**CIVIL ACTION NO. 1:12-CV-00134-M**

**U.S. SPECIALTY INSURANCE CO.** **PLAINTIFF**

**V.**

**UNITED STATES OF AMERICA *ex rel.***
**E.A. BIGGS OF KENTUCKY, LLC, et al.** **DEFENDANT/ THIRD-PARTY PLAINTIFF**

**V.**

**PERRY BARTSCH, JR. CONSTRUCTION CO. and**
**GREAT AMERICAN INSURANCE COMPANY** **THIRD-PARTY DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Perry Bartsch, Jr. Construction Company's Motion to Dismiss the Third-Party Complaint [DN 33]. Fully briefed, the matter is ripe for decision. For the following reasons, Perry Bartsch's motion is **GRANTED**.

### I. BACKGROUND

On August 7, 2012, the Plaintiff, U.S. Specialty Insurance Co., filed this action, asserting indemnification and collateralization claims against the Defendant, E.A. Biggs of Kentucky, LLC ("Biggs"). These claims related to the Plaintiff's issuance of a payment and performance bond on behalf of Biggs. (Compl. [DN 1].) On January 4, 2013, Biggs filed a third-party complaint. In it, Biggs asserted claims for breach of contract, quantum meruit, indemnification, and contribution against Perry Bartsch, Jr. Construction Co. ("Perry Bartsch"). Biggs also asserted a payment bond claim against Great American Insurance Co. ("Great American"). (3d-Party Compl. [DN 30].)

On August 14, 2013, Great American was dismissed from this action. (Order [DN 36].) Perry Bartsch now moves for its dismissal. Perry Bartsch argues that Biggs' third-party claims

must be stricken for improper interpleader or, in the alternative, dismissed for failure to state a claim upon which relief can be granted. (See Mot. to Dismiss 3d-Party Compl. [DN 33].)

## II. DISCUSSION

Under Federal Rule of Civil Procedure 14(a), a defending party, as a third-party plaintiff, may serve a third-party complaint against a non-party "who is or may be liable to it for all or part of the claim against it." Fed. R. Civ. P. 14(a)(1). The Sixth Circuit has explained that the purpose of Rule 14 is "to permit additional parties whose rights may be affected by the decision in the original action to be joined so as to expedite the final determination of the rights and liabilities of all the interested parties in one suit." Am. Zurich Ins. Co. v. Cooper Tire & Rubber Co., 512 F.3d 800, 805 (6th Cir. 2008). As such, "[t]hird-party pleading is appropriate **only** where the third-party defendant's liability to the third-party plaintiff is dependent on the outcome of the main claim; one that merely arises out of the same set of facts does not allow a third-party defendant to be impleaded." Id. (emphasis added).

In this case, Perry Bartsch argues that Biggs' third-party breach of contract and quantum meruit claims are independent claims that do not allow Perry Bartsch to be impleaded under Rule 14. The Court agrees. Perry Bartsch's liability to Biggs on Biggs' breach of contract and quantum meruit claims is not dependent on the outcome of U.S. Specialty Insurance Co.'s claims against Biggs. Therefore, the Court holds that Biggs' third-party breach of contract and quantum meruit claims against Perry Bartsch are improper under Rule 14 and must be **DISMISSED**.

In addition, Perry Bartsch argues that Biggs' third-party indemnification and contribution claims against Perry Bartsch must be dismissed for failure to state a claim upon which relief can be granted. Again, the Court agrees. Upon a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), a court "must construe the complaint in the light most

favorable to plaintiff[],” League of United Latin Am. Citizens v. Bredesen, 500 F.3d 523, 527 (6th Cir. 2007) (citation omitted), accepting all of the plaintiff’s allegations as true. Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009). Under this standard, the plaintiff must provide the grounds for its entitlement to relief, which “requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action.” Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).

The plaintiff satisfies this standard only when it “pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.” Iqbal, 556 U.S. at 678. A complaint falls short if it pleads facts that are merely “consistent with a defendant’s liability” or if the facts do not “permit the court to infer more than the mere possibility of misconduct.” Id. at 678–79. Instead, the allegations must “‘show[] that the pleader is entitled to relief.’” Id. at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

U.S. Specialty Insurance Co. alleged in its complaint that because there was an event of default under a General Indemnity Agreement (“GIA”), Biggs was required to indemnify it. (See Am. Compl. [DN 7] ¶¶ 29-43.) In its third-party complaint, Biggs alleges that it is entitled to indemnification and contribution from Perry Bartsch. (3d-Party Compl. [DN 30] ¶¶ 24, 26.) If supported by a factual basis, these claims would be proper third-party claims under Rule 14. (See Fed. R. Civ. P. 14(a).) However, as Perry Bartsch correctly argues, Biggs’ third-party complaint does not allege a factual basis to support either an indemnification or a contribution claim.

**Indemnification.** Biggs states its indemnification claim against Perry Bartsch as follows:

> If the plaintiff, sustained damages as a result of the above-mentioned accident, . . . then said damages, if any, were the direct and proximate result of the sole or superseding or intervening or primary act of negligence and/or comparative negligence and/or comparative fault and/or contributory fault of Bartsch, then in that event, the defendant/third-party, should, therefore, be indemnified and reimbursed by Bartsch . . . for the full amount of any judgment which might be returned in favor of the plaintiff and against the defendant/third-party plaintiff.

(3d-Party Compl. [DN 30] ¶ 24.) However, Biggs has not alleged the existence of a contract that would require Perry Bartsch to indemnify it for U.S. Specialty Insurance Co.'s claims. As such, it seems to the Court that Biggs must be asserting a common-law indemnification claim.

Biggs' third-party complaint, however, does not allege a factual basis that would support a common-law indemnification claim. The Kentucky Supreme Court has explained that indemnity "is available to one exposed to liability because of the wrongful act of another with whom he/she is not in pari delicto." Degener v. Hall Contracting Corp., 27 S.W.3d 775, 778 (Ky. 2000). As a general rule, indemnity cases under Kentucky law fall into two classes:

> (1) Where the party claiming indemnity has not been guilty of any fault, except technically, or constructively, as where an innocent master was held to respond for the tort of his servant acting within the scope of his employment; or (2) where both parties have been in fault, but not in the same fault, towards the party injured, and the fault of the party from whom indemnity is claimed was the primary and efficient cause of the injury.

Id. (citing Louisville Ry. Co. v. Louisville Taxicab & Transfer Co., 77 S.W.2d 36, 39 (Ky. 1934)). Here, Biggs has failed to allege facts that fit into either of these cases. As for the first case, Biggs has not alleged facts from which it could be found that its liability to U.S. Specialty Insurance Co. is merely constructive or vicarious to Perry Bartsch's liability. As for the second case, Biggs has not alleged facts from which it could be found that Perry Bartsch's actions were the primary and efficient cause of U.S. Specialty Insurance Co.'s injury. Perry Bartsch was not a party to the GIA and had no obligations with respect to it. Instead, Biggs was the party obligated to indemnify U.S. Specialty Insurance Co. and provide collateral in the event of Biggs' default under the GIA. As Perry Bartsch correctly states, this obligation cannot be shifted to Perry Bartsch. See Liberty Mutual Ins. Co. v. Marine Electric Co., Inc., 2012 WL 5463036, at *5 (W.D. Ky. Nov. 8, 2012).

Further, as properly noted by Perry Bartsch, Biggs cannot attempt to avoid its obligation as an indemnitor by stating that its default on the GIA was somehow due to the fault of Perry

Bartsch. This Court has previously rejected the argument that an indemnitor is excused from its obligation to indemnify a surety for losses paid on payment bond claims if the owner of the project defaulted in its obligation to pay the contractor. See Frontier Ins. Co. in Rehab. v. MC Mgmt., Inc., 2009 WL 541301, at *9 (W.D. Ky. Mar. 4, 2009), *aff'd sub nom.* Frontier Ins. Co. in Rehab. v. RLM Constr. Co., 468 Fed. App'x 506 (6th Cir. 2012). Thus, Biggs cannot properly base its indemnification claim on a belief that its liability under the indemnification contract with its surety was Perry Bartsch's fault. Biggs' indemnification claim must be **DISMISSED**.

**Contribution.** Biggs states its contribution claim against Perry Bartsch as follows:

> In the alternative, in the event a judgment is awarded in favor of the plaintiff against the defendant/third-party plaintiff, and the plaintiff's damages, if any, were the direct and proximate result of the joint and concurrent negligence and/or comparative negligence and/or comparative fault and/or contributory fault of Bartsch, then the defendant/third-party plaintiff, should, therefore, recover from Bartsch . . . by way of contribution, an appropriate part of said judgment, if any.

(3d-Party Compl. [DN 30] ¶ 26.) Biggs' third-party complaint, however, does not allege a factual basis that would support a contribution claim against Perry Bartsch.

The Kentucky Supreme Court has stated that the right to contribution "arises when two or more joint tortfeasors are guilty of concurrent negligence of substantially the same character which converges to cause the plaintiff's damages." Degener, 27 S.W.3d at 778. In essence, contribution is an "attempt by equity to distribute equally among those who have a common obligation the burden of performing that obligation." St. Lewis v. Morrison, 50 F. Supp. 570, 572 (W.D. Ky. 1943). In this case, however, Biggs does not even allege that it shares a common obligation with Perry Bartsch, under the GIA or otherwise. Therefore, Biggs has not alleged even the most basic facts to support its contribution claim. Biggs' contribution claim must be **DISMISSED**.

The Court notes that in its response, Biggs does not respond to any of the arguments set forth in Perry Bartsch's motion to dismiss. Thus, Biggs seemingly does not dispute that the third-

party complaint is improper under Rule 14 and insufficient under Rule 12(b)(6). See Allstate Ins. Co. v. Global Med. Billing, Inc., 520 Fed. App'x 409, 412 (6th Cir. 2013) (noting that a failure to refute an assertion amounts to a waiver of the argument). Instead, Biggs attempts to convert the motion to dismiss into a summary judgment motion—and then argues there is a genuine issue of material fact as to whether Biggs is owed money from Perry Bartsch. To convert the motion to dismiss into a summary judgment motion, Biggs attaches two exhibits to its response: 1) a copy of a contract between Biggs and Perry Bartsch for services rendered; and 2) an affidavit which alleges that Perry Bartsch owes Biggs compensation. (See Contract [DN 43-1]; Affidavit of Pamela Smith [DN 43-2].) Biggs then states that under Federal Rule of Civil Procedure 12(d), if "matters outside the pleadings are presented to and not excluded by the court, [a Rule 12(b)(6) motion] must be treated as one for summary judgment under Rule 56." Fed. R. Civ. P. 12(d).

As correctly noted by Perry Bartsch, however, the Court need not consider any matters outside the pleadings to rule on the motion to dismiss on the grounds actually asserted by Perry Bartsch. The two exhibits to Biggs response have no bearing on the questions of whether Biggs' third-party complaint was improper or whether Biggs failed to allege facts to support its claims. Therefore, the Court excludes the exhibits and refuses to consider them. The Court also declines to convert the motion to dismiss into a summary judgment motion.

## III. CONCLUSION

For the reasons set forth above, **IT IS HEREBY ORDERED** that Perry Bartsch, Jr. Construction Company's Motion to Dismiss the Third-Party Complaint [DN 33] is **GRANTED**.

**Joseph H. McKinley, Jr., Chief Judge**
**United States District Court**

January 21, 2014

cc: counsel of record